Helen L. **DANIELSON** and John L. Danielson, Jr., Appellants,

v.

**LING–TEMCO–VOUGHT, INC.,** Appellee.

No. 4963.

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

Goodstein, Erlanger & Starr, Wade Starr, Dallas, for appellants.

Wynne Jaffe & Tinsley, W. Randolph Elliott, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Danielson from summary judgment that they take nothing, in a suit to require defendant corporation to specifically perform a written contract to convey stock.

Plaintiffs Danielson sued defendant Ling as sole heirs of John L. Danielson, Sr., alleging Danielson, Sr. on November 25, 1955

entered a written contract with defendant whereby Danielson was to pay defendant $2250. for 1000 shares of stock in defendant corporation; by paying $250. down and $83.34 per month for 24 months; that such agreement provided if Danielson became delinquent "Ling might contact Danielson advising him that unless payment was made the contract might be cancelled"; that if the contract was cancelled stock certificates would be issued to Danielson for the total shares for which he had paid less brokerage; that Danielson paid a total sum of $250.; that defendant did not notify Danielson the contract was cancelled; that plaintiffs tendered defendant $2000. balance due under the contract; and prayed defendant be required to deliver the equivalent of 1000 shares, or alternatively the number of shares that $250. (less commission) would have purchased.

Defendant by answer plead (among other matters) the 2 and 4 year statutes of limitation.

Defendant thereafter moved for summary judgment asserting the record showed no genuine issue as to any material fact. The trial court granted such motion, and entered judgment that plaintiffs take nothing.

Plaintiffs appeal on 5 points contending:

1) The trial court erred in holding that plaintiff's cause was barred by the 2 and/or 4 year statutes of limitation.

2) The trial court erred that plaintiff's cause was barred by laches.

3) There exists genuine issues of material facts.

The record disclosed that on November 21, 1955 Danielson, Sr. signed a stock subscription agreement agreeing to purchase 1000 shares of defendant corporation stock at $2.25 per share (for a total amount of $2250.), to be paid $250. cash on date of the agreement, and $83.34 per month for 24 months (final payment to be made on December 1, 1957).

Danielson, Sr. paid the $250. down payment on November 1, 1955, but never paid any more. The last payment was due on December 1, 1957.

Article 5527 Vernon's Ann.Tex.Civ.St. provides that actions founded upon any contract in writing shall be commenced and prosecuted within four years after the cause of action shall have accrued and not afterward.

The contract expired by its own terms on December 1, 1957. Plaintiff's cause of action accrued not later than such date, and was barred by the four year statute of limitation on December 1, 1961.

In the absence of statute a stock subscription contract is governed by the same period of limitation applicable to contracts in general, and the statute begins to run at such time as the cause of action on the subscription accrues. 18 C.J.S. Corporations § 301.

Plaintiff's suit was filed on May 15, 1968, at which time their cause of action had been barred for more than six years.

All of plaintiff's points and contentions are overruled. The judgment is correct.

Affirmed.